UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SECURITIES AND EXCHANGE COMMISSION,   )
                                      )
                  Plaintiff,          )
                                      )
v.                                    )       07-80802
                                      )       CIV-MARRA
HOMELAND COMMUNICATIONS               )       MAGISTRATE JUDGE
CORPORATION, FRANCES M. LABARRE,      )       JOHNSON
AND JOSEPH YURKIN,                    )
                  Defendants,         )
                                      )
OAK TREE ESCROW CORPORATION,          )
LUNA PAZZA, INC., SMR ACQUISITIONS, INC., )
SMRDEVELOPMENT.COM, INC., AND         )
GLOBAL SURVEY CORPORORATION,          )
                                      )
                  Relief Defendants.  )
_____)

## TEMPORARY RESTRAINING ORDER AND OTHER EMERGENCY RELIEF

This cause comes before the Court upon motion by the Plaintiff Securities and Exchange Commission for the following orders with respect to Defendants Homeland Communications Corporation, Frances Labarre, and Joseph Yurkin (collectively "Defendants"), and Relief Defendants Oak Tree Escrow Corp., Luna Pazza, Inc., SMR Acquisitions, Inc., SMRDevelopment.com, Inc., and Global Survey Corporations (collectively "Relief Defendants"):

    1)    a Temporary Restraining Order;

    2)    an Order to Show Cause Why a Preliminary Injunction Should Not Be Granted;

    3)    an Order Freezing the Defendants' Assets;

    4)    an Order Requiring Sworn Accountings;

  5)  an Order Prohibiting Destruction of Documents and

  6)  an Order Expediting Discovery.

The Court has considered the Commission's Complaint, its Memorandum of Law in Support of its *Ex Parte* Motion for Temporary Restraining Order and Other Emergency Relief, and the declarations and exhibits filed in support of the Motion.

Being fully advised in the premises, the Court finds the Commission has made a sufficient and proper showing in support of the relief granted herein by presenting a *prima facie* case of securities laws violations by the Defendants, and by showing a reasonable likelihood the Defendants will harm the investing public by continuing to violate the federal securities laws if they are not enjoined. The Court also finds good cause to believe that unless immediately restrained and enjoined by Order of this Court, the Defendants and Relief Defendants will continue to dissipate, conceal or transfer from the jurisdiction of this Court assets which could be subject to an Order of Disgorgement. Accordingly, the motion is **GRANTED**, and the Court hereby orders as follows:

I.

### SHOW CAUSE HEARING

**IT IS HEREBY ORDERED** that the Defendants show cause, if any, before the Honorable _KENNETH A. MARRA_ of this Court, at _9:30_ o'clock _A_.m., on the _13th_ day of _SEPTEMBER_, 200_7_, in Courtroom _4_ of the United States Courthouse, _WEST PALM BEACH_, Florida, or as soon thereafter as the matter can be heard, why a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be granted against the Defendants, as requested by the Commission.

## II.

## TEMPORARY RESTRAINING ORDER

**IT IS HEREBY FURTHER ORDERED** that, pending determination of the Commission's request for a Preliminary Injunction, the Defendants, their directors, officers, agents, escrow agents, trustees, servants, employees, attorneys, accountants and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from:

### Section 5(a) & (c) of the Securities Act of 1933

A.      Directly or indirectly, (a) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities in the form of units, common stock, warrants or any other securities through the use or medium of any prospectus or otherwise, unless and until a registration statement is in effect with the Commission as to such securities; (b) carrying securities, in the form of units, common stock, warrants or any other securities, or causing them to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or for delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities; or (c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any securities, in the form of units, common stock, warrants or any other securities unless a registration statement is filed with the Commission as to such securities, or while a registration statement filed with the Commission as to such security is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of

the Securities Act of 1933 ("Securities Act"), 15 § U.S.C. 77h, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c);

### Section 17(a)(1) of the Securities Act of 1933

B. Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities, knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a)(1);

### Section 17(a)(2) & (3) of the Securities Act of 1933

C. Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, in the offer or sale of securities, (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated and will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) & (3) of the Securities Act, 15 U.S.C. §§ 77q (a)(2) & 77q (a)(3); and

### Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934

D. Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, knowingly or recklessly: (i) employing devices, schemes or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of

business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5 thereunder.

### III.

### ASSET FREEZE

**IT IS HEREBY FURTHER ORDERED** that, pending determination of the Commission's request for a Preliminary Injunction:

A.   The Defendants and Relief Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this order by personal service, mail, facsimile transmission or otherwise, except any Receiver that may be appointed by this Court, be and hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of:

(1)   Homeland Communications Corporation;

(2)   Frances LaBarre;

(3)   Joseph Yurkin;

(4)   Oak Tree Escrow Corp.;

(5)   Luna Pazza, Inc.;

(6)   SMR Acquisitions, Inc.;

(7)   SMRDevelopment.com, Inc.; or

(8) Global Survey Corporation.

B. That any financial or brokerage institution or other person or entity located within the jurisdiction of the United States Courts and holding any such funds or other assets, in the name, for the benefit or under the control of the Defendants or Relief Defendants, directly or indirectly, held jointly or singly, and which receives actual notice of this order by personal service, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

## IV.

## ACCOUNTINGS

**IT IS HEREBY FURTHER ORDERED** that within ~~five (5)~~ ten (10) calendar days of the issuance of this Order the Defendants and Relief Defendants shall:

(a) make a sworn accounting to this Court and the Commission of all funds received from any source, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received by any of them from any other Defendant;

(b) make a sworn accounting to this Court and the Commission of all assets, funds, or other properties held by them, jointly or individually, or for their direct or indirect beneficial interest, or over which any of them maintain control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c) provide to the Court and the Commission a sworn identification of all accounts (~~including, but not limited to,~~ bank accounts, savings accounts, securities accounts and deposits

of any kind) in which they (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either have an interest or over which one or more of them has the power or right to exercise control.

## V.

## RECORDS PRESERVATION

**IT IS HEREBY FURTHER ORDERED** that, pending determination of the Commission's request for a Preliminary Injunction, the Defendants and Relief Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to the Defendants wherever located, until further Order of this Court.

## VI

## EXPEDITED DISCOVERY

**IT IS HEREBY FURTHER ORDERED** that:

(a) Immediately upon entry of this Order, the parties may take depositions upon oral examination of parties and non-parties subject to FIVE (5) business days notice.

(b) Immediately upon entry of this Order, the parties shall be entitled to serve interrogatories, requests for the production of documents, requests for admissions, and subpoenas.

The parties and non-parties shall respond to such discovery requests within ~~two (2)~~ TEN (10) business days of service;

(c)   All responses to the Commission's discovery requests shall be delivered to Amie Riggle Berlin, Esq., Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131, by the most expeditious means available; and

(d)   Service of discovery requests shall be sufficient if made upon the parties by facsimile or overnight courier, and depositions may be taken by telephone or other remote electronic means.

## VII.

### RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED** that this Court shall retain jurisdiction over this matter and the Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances. *IF THE COURT GRANTS PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION, PLAINTIFF MAY SEEK ANY ADDITIONAL RELIEF IT DEEMS APPROPRIATE.*

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 6th day of September, 2007. AT 9:55 A.M.

_____
**UNITED STATES DISTRICT JUDGE**

Copy to:

Amie Riggle Berlin
801 Brickell Avenue, Suite 1800
Miami, Florida  33131
**Counsel for Securities and Exchange Commission**
Phone:  (305) 982-6322
Fax:  (305) 536-4154
Email:  berlina@sec.gov